BOGERT *vs.* HAIGHT and others.

Where two persons who where copartners assigned all their partnership proper-
ty and effects to trustees to pay the creditors of the firm, giving preferences
to certain classes of the creditors, and directed the surplus of the assigned
property to be paid to the assignors, and one of the copartners afterwards
made an assignment of all his property and effects to a trustee, to be
applied in the first place to the payment of his individual creditors, and the
residue, if any, to be applied to the payment of such of the partnership
debts as were not included in the first class of debts provided for in the
previous assignment; *Held*, that the assignment of the copartnership ef-
fects was valid as against the creditors of the firm, even if there were in-
dividual creditors of the assignees at the time of making the assignment.

An assignment of copartnership property to trustees, for the payment of all
the debts of the firm, which assignment directs the surplus, if any, to be
paid over to the assignors, is not necessarily fraudulent as to individual
creditors of the different members of the fi m.

Where an assignment is not fraudulent upon its face, a charge in the bill
that the complainant is informed and believes that the assignment was
made for the purpose of defrauding the creditors of the assignor, which
charge is not verified by the oath of any person who has any personal
knowledge of the alleged fraud, is not sufficient to entitle the complainant
to an injunction against the assignees.

THIS was an appeal from an order of the vice chancellor <span style="float:right">September 21.</span>
of the seventh circuit, denying an application to dissolve
an injunction. The bill, as to the defendants Haight and
Lanning, was an ordinary creditor's suit to obtain satisfac-
tion of a judgment recovered against them for a copartner-
ship debt, which the complainant had not been able to col-
lect by execution at law. Previous to the recovery of the
judgment against them Haight & Lanning assigned all
their joint property and partnership effects to the defend-
ants, Spring, Bogert, and Youngs, in trust for the payment
of all their joint or copartnership debts, according to cer-
tain priorities in the assignment specified. That assign-
ment was dated the 25th of March, 1840; and by the last
clause thereof the assignees were directed to return the sur-
plus of the assigned property to the assignors, if there
should be any surplus, after satisfying all their joint debts
and liabilities. About two months after making that as-

signment, Haight made an assignment of all his individual property to the defendant Remer, in trust to pay all his separate debts, and after paying such debts, to apply the residue to the payment of all the joint debts of Haight & Lanning, except such debts as were to be paid and satisfied out of the avails of the partnership property assigned on the 25th of March, and included in the first class under that assignment. The bill contained a charge that both assignments were made with the intent to hinder, delay, and defraud the complainant and other creditors of the assignors. But this charge in the bill was not stated as a fact within the complainant's own knowledge, and therefore was not sworn to ; the form of the jurat being that the matters stated in the bill to be of the complainant's own knowledge he knew to be true. The only questions in the case, therefore, were whether the assignments were, upon their faces, fraudulent and void as to creditors of the firm who were not embraced in the first class of creditors. The assignees under the first assignment applied, upon the matter of the bill only, to dissolve an injunction, which had been granted, restraining them from selling, transferring, intermeddling with, or disposing of the assigned property or effects ; which motion the vice chancellor denied with costs. From which decision those assignees appealed.

*E. Van Buren & H. Welles*, for the appellants. The assignment of the copartners appropriates their joint property to the payment of their joint debts. Though the balance, if any, is not by the terms of the assignment appropriated to pay individual creditors, yet it is not secured to the assignors and placed beyond *the reach of such creditors ;* but after the trust is executed, the surplus may be reached by them. The law will apply it to the payment of the individual debts. And if the last clause in the assignment had been left out, it would not have altered its meaning or effect. For the law would have carried the surplus back to the assignors, where it would have been subject to their individual debts. Suppose the assignors had assigned

their property for the payment of a portion of their debts only, it would have been g( od. (*See Wakeman v. Grover*, 11 *Wend.* 194.) If the assignment had secured to the copartners any portion of the property, which their individual creditors could not reach, there would have been great propriety in the objection to the assignment. But it is said the individual creditors are delayed until the trust is executed. Individual creditors may now file their bill and reach any residuary interest of the assignors that may remain after the trust is executed. So in all assignments, creditors are delayed until the trust is executed. The court of chancery, upon a proper application, will delay individual creditors until the partnership debts are paid. If there had been no assignment, and the individual creditors of either Haight or Lanning had levied an exe eution upon their joint property, chancery, upon the applicat. on of the joint creditors, would have restrained the individual creditors until the partnership debts were paid. This is precisely what the assignment does, and no more. I t is said that the joint assignment delays the individual creditors of Haight & Lanning. But it does not appear that Lanning owed any individual debts. Nor does it appear otherwise than by his assignment that Haight owed any individual debts; and while that proves his indebtedness, it also proves an assignment of all his property. It is also said that the assignment of Haight is void. This we deny. The assignments are distinct and separate transactions, not in aid of each other. The joint assignment was made in March, 1841, and Haight's assignment in May subsequent. Haight could not by any act of his, affect the trust previousl y created an vested for the benefit of his creditors; and the assignment of Haight, whether void or not, cannot affect or impair the joint assignment of Haight & Lanning to the appellants, and if that assignment is valid, the injunction must be dissolved.

*Bowen Whiting*, for the respondents. Conveyances and assignments made to hinder, delay, or defraud creditors of their suits, &c. are void. (2 *R. S.* 137, § 1.) Assignments for the benefit of assignors, when there are creditors,

are fraudulent and void. (1 *Hop. Ch. Rep.* 395.) What is reserved to the assignor is withheld from the creditors. Some of the provisions of an assignment may be void, and some good; but that distinction is not made when there are creditors whose suits, &c. are or may be hindered and delayed. When all the estate of the assignor is assigned, he must make provision for the payment of all his debts, before any reservation is made for his own benefit. In *Grover* v. *Wakeman*, this principle is dicussed and settled. Are neither of these assignments within these principles? The first is of all the copartnership property. After paying partnership debts, the residue is to be returned to the grantor. This provision is fraudulent. It is the right of the creditor of an individual copartner to sell the interest of his debtor in the copartnership property, subject to the payment of the copartnership debts. (*Moody* v. *Payne*, 2 *John. Ch. Rep.* 548.) But a creditor of either of these parties, or of both of them, can not proceed to a sale of their property by reason of this assignment. The title of the assignees is an obstruction; and that title is in part for the benefit of the assignors against separate, if not joint creditors. So far the trustees hold for the benefit of the assignors and not to pay debts. There are separate creditors to be defrauded as appear by the subsequent assignment. But if there were none the objection would remain. The court look to the terms of the deed and not to possible facts. But if it be said the complainant is a creditor of the copartnership, and therefore cannot be injured or defrauded by this provision, it can be answered, that his judgment is not prefered in the assignment, not being in execution when the instrument was executed. Nor is the character in which he sues, whether as creditor of the partpartners solely or jointly, material. Any person who has an interest in the subject matter may object to the fraudulent nature of the assignment, and cause it to be avoided. The two assignments are one instrument, and designed for one purpose; and by the second assignment from Haight to Remer, it appears there were debts due by Haight individ-

ually. But is this objection to the joint assignment removed by the second from Haight to Remer? If it be as regards Haight, the objection holds good as to Lanning, for he is no party to the second assignment, nor does it appear that he has executed any individual assignment; and yet he is to receive his portion of the funds that may still remain after payment of copartnership debts. If it be said that the law would give to each copartner his share of the residue of the joint property after paying joint debts in the same manner as these debtors have provided, the answer is, that if debtors undertake to dispose of all their property to trustees, they must provide for the payment of all their debts. Creditors have a right to look for the property of their debtors in their own hands and not in the hands of trustees; and have a right to bring the process of the courts to bear upon the property and effects of debtors, without the intervention of trusts of a nature to hinder them in the collection of their debts. The second assignment from Haight to Remer is fraudulent and void. It conveys all the grantor's property for a partial purpose. There is a class of creditors excepted out of the benefit of the trust, i. e. the execution class in the joint assignment. That excepted class are not subsequently provided for, nor can they share in the distribution of the fund, in case of a deficiency in the joint assignment to pay all the creditors there provided for. If there be a surplus, it will remain in the hands of the assignee for the benefit of the grantor. It is, therefore, an assignment for his benefit, and there being creditors, the whole is void. The absence of a clause directing the payment of the surplus to creditors, leaves such surplus to the operation of law, which would create either a resulting trust for the benefit of the grantor, or an absolute sale and transfer to the trustees without consideration, leaving debts unpaid.

THE CHANCELLOR. The objection to the assignment of the joint or copartnership property which is insisted upon as rendering that assignment fraudulent and void is, that by

1841.

Bogert
v.
Haight.

the last clause the assignees, after paying all the copartner-ship debts, are to return the surplus to the assignors; without making any provision for the payment of the individual debts of the partners. A short answer to this objection is that it no where appears that either of the assignors owed any individual debts at the time the assignment, of the 25th of March, 1841, was executed. And as fraud is not to be presumed, if the existence of such individual debts would have rendered the assignment fraudulent it lies upon the complainant to establish the fraud, by establishing the fact that the assignors, or one of them, did owe debts which were not provided for in that assignment. The counsel for the respondent relies upon the recitals in the subsequent assignment, to Remer, to establish the fact of such individual indebtedness on the part of Haight. Those recitals, however, are merely the admissions of Haight; and are not evidence against these appellants, to establish the fact that an assignment made to them nearly two months previous was fraudulent. Nor are they evidence as against Haight himself; as it does not appear by the assignment to Remer that any of the individual debts, therein provided for, had been contracted in March, when the copartnership property was assigned.

Again; if the fact had distinctly appeared in the bill, that Haight & Lanning owed individual debts at the time of their assignment of their partnership property in trust to pay the debts of the firm, the clause of that assignment directing the residue of the assigned property to be paid to them, would not render the assignment fraudulent. The copartnership effects were the primary and natural fund for the payment of the debts of the firm; and the individual property of each member of the firm was the natural fund for the discharge of his own private debts. It was, therefore, perfectly proper for the copartners, in making an assignment of the property and effects of the firm for the purpose of discharging their joint debts, to direct the residue of the assigned property, if there should happen to be any, to be returned to them, so that it might be divided be-

tween themselves, according to their respective equitable interests therein as copartners ; leaving each to pay his private debts out of his own individual property. Had it been stated in the bill that the partnership property was much more than sufficient to pay all the joint debts of the assignors, and that they owed large individual debts which the separate property of each was wholly insufficient to meet, there might have been some grounds for supposing that they intended to delay and hinder their individual creditors in the collection of their debts, by creating a trust which would prevent those creditors from levying upon the surplus interest of Haight & Lanning in the partnership property. Those facts, however, would not have rendered the assignment fraudulent *per se;* but they would, if unexplained, have been sufficient to have authorized the court to infer a fraudulent intent on the part of the assignors. The inference would have been the same, if the assignment had contained no direction to pay the residue of the proceeds of the assigned property to the assignors, after paying the joint debts ; for the law itself would have created a resulting trust in their favor as to such surplus, after the debts of the firm were all paid.

The objection which is urged against the assignment to Remer, of Haight's individual property, is that it does not provide for the payment of all the partnership debts out of the surplus which may exist after paying the private debts of the assignor ; inasmuch as the first class of debts specified in the assignment of the 25th of March are not to be paid out of such surplus. But upon looking at the assignment of the partnership property, it is evident Haight contemplated the payment of the whole of that class of debts out of the property of the firm, and therefore considered it wholly unnecessary and useless to provide for their payment the second time, out of his individual estate. It appears from the first assignment, that the creditors who were entitled to a priority of payment out of the partnership property, were those who had already obtained liens on that property, in consequence of their having levied their

executions thereon prior to the assignment; except the lessor of the store, who was by law entitled to a priority over those execution creditors, for the rent due at the time of the assignment.

The allegation in the bill that both assignments were made with the fraudulent intent to delay and hinder the creditors of the assignors in the collection of their debts, is undoubtedly sufficient to call for an answer upon that point; and to authorize the complainant to establish the allegation by proof, if it is true in point of fact. And in case it is admitted by the answers of the assignors, or is proved upon the hearing, he will of course be entitled to a decree setting aside the assignments as fraudulent and void. But neither of these assignments contained any provision which was illegal, or which would necessarily have the effect to defraud creditors, and the bill not being supported by the oath of any person who pretended to have any personal knowledge of the actual fraud charged therein, the injunction, so far as it related to the assigned property, was improperly granted by the injunction master. The decision of the vice chancellor was therefore erroneous, in denying the application to dissolve the injunction; so far as related to the appellants, and to the partnership property and effects assigned to them.

The order appealed from must be reversed with costs; and the injunction, to that extent, must be dissolved with costs.